FILED
JAN 14 2011
CLERK
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**WESLEY BLACKARD,**

**Plaintiff**

**VS.** **CAUSE NO.: 2:11CV006-B-A**
**Jury Trial Demanded**

**CITY OF SOUTHAVEN, MAYOR GREG DAVIS, IN HIS OFFICIAL CAPACITY AS MAYOR OF SOUTHAVEN, MISSISSIPPI, SOUTHAVEN POLICE DEPARTMENT AND THOMAS LONG IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, BRANNON RUSHING, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A SOUTHAVEN POLICE OFFICER, UNKNOWN JOHN DOE OFFICERS 1-10,**

**Defendants**

---

## COMPLAINT

---

COMES NOW, Wesley Blackard, by and through counsel, and files this his Complaint for damages and would show unto the Court the following:

## PARTIES

1. Wesley Balckard is an adult resident of Southaven, DeSoto County, Mississippi.

2. Defendant, City of Southaven, is a municipal entity, located in DeSoto County, Mississippi, recognized by the State of Mississippi as a properly organized and legal municipal entity and can be served with process through Greg Davis as Mayor of the City of Southaven.

3. Defendant, Greg Davis, Mayor of the City of Southaven, acting in his official capacity as Mayor of the City of Southaven, can be found for service of process at his office

located at 8710 Northwest Drive, Southaven, MS 38671.

4. Defendant, Southaven Police Department, is a municipal entity, located in DeSoto County, Mississippi, recognized by the State of Mississippi as a properly organized and legal municipal entity and can be served with process through Thomas Long as the Police Chief of the Southaven Police Department.

5. Defendant, Thomas Long, Police Chief, Southaven Police Department, acting in his official capacity as Police Chief, can be found for service of process at his office located at 8691 Northwest Drive, Southaven, MS 38671.

6. That Brannon Rushing is an officer of the Southaven Police Department who can be found at 8710 Northwest Drive, Southaven, Mississippi 38671 for service of process purposes.

**VENUE**

7. That the offenses and injuries described in the body of this Complaint all occurred in Southaven, DeSoto County, Mississippi.

**JURISDICTION**

8. The jurisdiction of this lawsuit is proper in the United States District Court for the Northern District of Mississippi. This Complaint is based totally on federal question jurisdiction and violations of 42 U.S.C. 1983 (28 USC 1331).

**FACTS**

9. At approximately 1:25 a.m. Wesley Blackard, then a member of the Southaven Fire Department, was arrested while at home on suspicion of leaving the scene of an Accident/Property Damage and Driving Under the Influence - First Offense.

10. Allegedly, a call was placed to the Southaven Police Department's dispatch indicating that a vehicle registered to Mr. Blackard was involved in a low impact accident with a car driven and passengered by three (3) or four (4) ladies with ages ranging from the late teens to early twenties.

11. Based on this call and without a warrant, members of the Southaven Police Department went to the home of Mr. Blackard.

12. Within minutes he found himself arrested and transported to the Southaven Police Department.

13. Blackard was searched for weapons and handcuffed prior to transport.

14. Mr. Blackard, while handcuffed, was placed in a holding cell.

15. While in said holding cell, Mr. Blackard began to reach for lip moisturizer that was located in his right front pocket.

16. An officer asked Mr. Blackard why he was moving and reaching in his pockets.

17. Mr. Blackard replied that he was trying to et his chap stick and that the officers were acting like he had a gun.

18. After this exchange, Mr. Blackard who still handcuffed was tazed by one of the several officers that had gathered around his cell.

19. Mr. Blackard believes that his arresting officer was one of the officers responsible for this tazing because he definitely saw his face in close proximity prior to the tazing and after regaining conscience.

20. Upon being tazed, Mr. Blackard fell to the floor and was assaulted by several officers. Seemingly, he lost conscience for moments afterwards, but remembers the beginning of

this brutally violent attack.

**THIS CAUSE IS FILED PURSUANT TO 42 U.S.C. 1983**

21. Plaintiffs hereby re-alleges and incorporates herein all the allegations contained in paragraphs 1 through 20.

22. The unlawful search and seizure of Plaintiff was unconstitutional and directly contrary to well-settled, existing State and Federal Law.

23. That the force used while Plaintiff was being held in a holding cell was done in a manner that caused harm against his person while Plaintiff acted in no way threatening to the life or safety of Officer Simmons or the public at large.

24. That by placing Wesley Blackard in a patrol car, arresting him, striking and causing harm to his person amounted to a deprivation of Plaintiff's rights and were in direct violation guarantees under the United States Constitution.

25. The above described actions were in direct violation of the rights conveyed to Plaintiff through the Fourth, Eighth and Fourteenth Amendments of the Constitutions of the United States. These include, but are not limited to, the right to be free from the excessive use of force, the right to be free from deprivations of liberty and the right to be free from summary punishment without due process of law.

26. At all relevant times the Plaintiff had a right to be free from excessive use of force. This was clear and well-established at the time of the incidents alleged herein.

27. At all times pertinent herein the Defendant's, each and all, acted willfully, maliciously, unreasonably, recklessly and with deliberate indifference to, and with intentional and wanted disregard of the Constitutional and civil rights of the Plaintiff.

28. Plaintiff further alleges that the acts and failure described herein were the approximate cause and the cause in fact of her injuries.

29. The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and conspired together, to deprive the Plaintiff of his rights under Federal and State law.

30. At all relevant times herein, each of the Defendants failed to exercise their ability and duty to intervene for the purpose of preventing the acts complained herein.

31. By virtue of the foregoing, the Defendants are liable to the Plaintiff pursuant to 42 U.S.C.A. § 1983. The Defendants acting individually and together, under color of law, engaged in a course of conduct which caused the pain, suffering, and injuries of Plaintiff, and violated his rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States. These include, but are not limited to, the right to be free from the excessive use of force, the right to be free from deprivations of liberty and the right to be free from summary punishment that occurs without due process of law.

32. The aforesaid conduct of the Defendants was motivated by evil motive or intent and involved willful. reckless and callous indifference to the Federally protective rights of the Plaintiff.

33. The unlawful search and seizure of Plaintiff was unconstitutional and in clear violation of well-settled existing State and Federal law.

34. That the force used to arrest Wesley Blackard was done in a manner that caused harm to his person when Wesley Blackard acted in no way threatening to the life or safety of any officers.

## COUNT II

35. Plaintiff hereby re-alleges and incorporates herein all the allegations contained in paragraphs 1 through 34.

36. The Defendant's actions and inactions caused the pain, suffering, and injuries to the Plaintiff and constituted negligence, gross negligence, and intentional torts, all in violation of the statutory and common law of the State of Mississippi and Mississippi Torts Claim Act, and in violation of Article 3, section 14, and 28 of the Mississippi Constitution.

37. Defendant Brannon Rushing was at all relevant times set forth herein inadequately trained, supervised, and disciplined. Based upon these inadequate training procedures, Defendant Brannon Rushing should not have been hired and allowed to perform as a police officer.

38. Defendant City of Southaven exercised and acted with deliberate indifference to Plaintiff's civil rights by failing to provide adequate and reasonable procedures for hiring, training, supervising and disciplining of police officers, failing to make and enforce policies and standards of police behavior designed to prevent unjustifiable injury to citizens, failing to establish proper and adequate procedures.

39. That such written and unwritten policies, customs and practices, include but are not limited to: (a) Inadequate and improper training, supervision and discipline of police officers in identifying, handling and making an arrest properly as is required, so as to avoid the inflection of unnecessary pain, suffering, injuries upon such citizens; (b) Inadequate and improper training, supervision and discipline regarding police officers use of restraint methods upon persons sought to be taken into custody, including but not limited to, the use of a police cars to apprehend

suspects on foot; (c) Improper supervision, condoning and allowing the use of and failing to promulgate regulations prohibiting and restricting the use of police cars while a suspect is on foot waiting to turn himself in and in no way threatening private citizens or police officers/agents in any way; (d) Inadequate and improper procedures, policies and practices in screening, hiring, training, supervising, and disciplining officers who practice, condone or use excessive force upon citizens in violation of their civil rights; (e) Inadequate and improper procedures, policies and practices for investigating improper activities by police officers through internally - initiated complaints or investigations; and (f) Inadequate and improper procedures, policies and practices for identifying and taking appropriate actions against officers who are in need of re-training, corrective measures, reassignment, or other non-disciplinary actions, through a positive or early warning system designed to prevent the violation of citizens' rights.

40. Plaintiff's injuries were foreseeable and avoidable by Defendants, each of whom, never the less, with deliberate indifference failed to take appropriate steps or initiate proper training or impose policies and customs to stop such practices.

41. The Defendants are liable unto the Plaintiff jointly and severely for the wrongs complained herein, including those under the theory of respondent superior.

42. As approximate result of said actions, Plaintiff was deprived of his liberty and was subjected to severe and painful injury at the time of this attack and in addition suffered mental and physical aguish, anxiety, and embarrassment. *Ad Damnun*.

**DAMAGES**

43. Due to the effects of the actions of the City of Southaven, Southaven Police Department, Greg Davis in his official capacity as Mayor of Southaven, Chief Tom Long, in his

official capacity as Chief of Police of Southaven Police Department Officer Brannon Rushing in his official capacity as a Southaven Police Officer and John Doe Officers 1-10, Plaintiff, Wesley Blackard therefore respectfully requests damages in the amount of $3,000,000.00.

44. Plaintiff respectfully demands a jury trial in this matter.

Respectfully Submitted,

**SPARKMAN, ZUMMACH & PERRY, P.C.**

John Keith Perry, Jr., #99909
Attorney for Plaintiff
P.O. Box 266
Southaven, MS 38671
662-349-6900